{¶ 60} I agree with the majority that the solution of the learned trial court to this difficult matter shows both wisdom and compassion, in that it sought to garner real information about Jimmy's progress and rehabilitation in treatment, prior to making a classification decision. I agree that the process chosen by the trial court is strongly within the spirit of our juvenile justice system, which was designed to correct and rehabilitate, more than punish.
 {¶ 61} Nevertheless, a delay of more than eight months between a child's release from a secure facility, and his or her classification, simply cannot be brought within the parameters of the law as written by the General Assembly. The plain language of R.C. 2952.83(B)(1) requires that the classification hearing be held either at the time of disposition, or at the time of the child's release from a secure facility. I respectfully believe the definition given by the majority to the term "disposition" is too elastic, and gives parties to proceedings such as this no ability to judge whether and when the classification will occur. In undermining certainty, it undermines due process.
 {¶ 62} I would follow the opinion of the Fifth Appellate District inMcAllister, supra, and reverse and remand based on the first assignment of error. Therefore, I would not reach the second assignment of error.
 {¶ 63} I respectfully dissent. *Page 1